CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

March 27, 2025

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOSHUA ADAM KEEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:24-cv-00067 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WEXFORD MEDICAL *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) |          United States District Judge |
| Defendants. | ) | |

Plaintiff Joshua Adam Keen, proceeding *pro se*, filed this action under 42 U.S.C.
§ U.S.C. § 1983 against Defendants Wexford Medical ("Wexford"),[1] Crystal Large, and Kayla
Helton. Now before the court is Defendants' motion to dismiss Plaintiff's claims against them.
(ECF No. 17.) For the following reasons, the court will grant Defendants' motion and dismiss
this action.

**I.**

Plaintiff alleges that Wexford manages the medical staff at S.W.V.R.J.A. Duffield
("Duffield"), where Plaintiff was formerly detained. (*See* Compl. 1–2 [ECF No. 1].) According
to Plaintiff, while he was detained at Duffield, Wexford nurses and doctors told him "they
could not order meds as needed" even though Plaintiff "provided the law" to them. (*Id.* at 2.)
Plaintiff further alleges that Defendants Large and Helton refused to treat him for canker sores
and allergies, despite his repeatedly showing them his mouth wounds and rash, "even after

---

[1] Defendants clarify that the correct name for this entity is Wexford Health Sources, Inc. (*See* Defs.' Mot. to
Dismiss [ECF No. 17].)

[he] provided the law to the medical department." (*Id.* at 2–3.) Based on these limited

allegations, Plaintiff seeks $200,000 in damages plus costs and fees. (*Id.*)

Defendants jointly moved to dismiss Plaintiff's claims under Federal Rule of Civil

Procedure 12(b)(6), arguing his allegations fail to state plausible claims for deliberate

indifference to Plaintiff's medical needs. (*See* Defs.' Mot. to Dismiss; Memo. in Supp. of Defs.'

Mot to Dismiss [ECF No. 18].) Plaintiff responded in opposition to Defendants' motion,[2] and

Defendants replied. (*See* Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss at 1 [ECF No. 25];

Defs.' Reply in Supp. of Defs.' Mot. to Dismiss [ECF No. 26].) Defendants' motion is

therefore ripe for review.

**II.**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. *Occupy

Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013). To survive such a motion, "a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

---

[2] Plaintiff's response in opposition purports to add new allegations in support of his claims. He claims that, because of Defendants' alleged indifference, he has experienced canker sores and a rash continually since March 2020 and that he was not treated despite "[h]undreds of sickcalls and grievances and doctor visits." (*See* Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss at 1.) Plaintiff further claims that Defendants did not treat the underlying cause of his sores but rather provided him with "Mouth Sore Orjel" to "help with eating [and] drinking," but that Defendants later stopped providing him with "even that." (*Id.* at 2.) But the court cannot properly consider these additional allegations in ruling on Defendants' motion to dismiss. *See Marsh v. Va. Dep't of Transp.*, No. 6:14-CV-00006, 2014 WL 6833927, at *8 (W.D. Va. Dec. 3, 2014) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss. To hold otherwise would mean that a party could unilaterally amend a complaint at will, even without filing an amendment, and simply by raising a point in a brief.") (collecting cases); *Nix v. McCabe Trotter & Beverly PC*, No. CV 2:18-1352-DCN-BM, 2018 WL 6112989, at *3 n.7 (D.S.C. Sept. 5, 2018), *report and recommendation adopted sub nom. Nix v. McCabe Trotter & Beverly, P.C.*, No. CV 2:18-1352-RMG, 2018 WL 5263277 (D.S.C. Oct. 23, 2018) ("Plaintiff may not raise or assert allegations in his response brief that are not otherwise properly before the Court in the actual pleadings under consideration.") (collecting cases). Instead, the court limits its consideration to the allegations set forth in the complaint and documents attached to or incorporated by reference in the complaint, as is proper on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023).

*Twombly*, 550 U.S. 544, 570 (2007)). To be "plausible," a plaintiff's claim must be supported by factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although this "plausibility" standard is not akin to "probability," it does require "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Instead, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (citations omitted). Additionally, the court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017) (citations omitted). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief' as required by Rule 8." *Iqbal*, 556 U.S. at 679 (cleaned up).

### III.

Plaintiff's claims arise under 42 U.S.C. § 1983, which authorizes a civil action by a citizen who is deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim

under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)).

Liberally construing Plaintiff's complaint, he claims Defendants were deliberately indifferent to his medical needs. (*See, e.g.*, Comp. 2–3 (alleging Defendant failed to treat his conditions)); *cf. Blanton v. S. Health Partner*, No. CV 0:18-2202-JFA-PJG, 2018 WL 3972252, at *2 (D.S.C. Aug. 20, 2018) (construing failure-to-treat claims by pretrial detainee as Fourteenth Amendment deliberate-indifference claims). And because Plaintiff alleges that the events described in the complaint occurred at Duffield, a regional jail, the court infers he was a pretrial detainee at the time of those events and that his claims therefore arise under the Fourteenth Amendment.[3] *See Hill v. Nicodemus*, 979 F.2d 987, 990 (4th Cir. 1992) (explaining that, when the plaintiff "was a pretrial detainee and not a convicted prisoner at the time of the alleged denial of medical care, the standard of care is governed by the due process clause of the fourteenth amendment") (citations omitted).

---

[3] In his response to Defendants' motion, Plaintiff lists the "4th, 5th, 8th and/or 14th" Amendments as potentially giving rise to his claims. (Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss at 1.) But the Fourteenth Amendment alone provides the proper standard here. *See Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021) ("[S]ince [the plaintiff] was a pretrial detainee and not a convicted prisoner, the Fourteenth Amendment, and not the Eighth Amendment, governs his claim.") (citations and internal quotation marks omitted); *Basilica v. Harris*, 658 F. Supp. 3d 285, 294 (E.D. Va. 2023) ("[C]ourts tend to consider an arrestee's medical needs in the context of the Eighth or Fourteenth Amendments and the deliberate indifference standard, rather than the Fourth Amendment.") (citations omitted); *Garrett v. Sheeley*, No. 3:19-CV-185, 2023 WL 4844051, at *2 (N.D.W. Va. Feb. 6, 2023) ("The Fifth Amendment's Due Process Clause applies to the federal government, while the Fourteenth Amendment's Due Process Clause applies to state and local governments. Section 1983 is a vehicle by which plaintiffs can assert claims against state actors, making the Fourteenth Amendment the proper constitutional amendment to assert due process protections claims.").

To state a claim for deliberate indifference to a medical need in violation of the

Fourteenth Amendment, a detainee must allege:

> (1) [he] had a medical condition or injury that posed a substantial
> risk of serious harm; (2) the defendant intentionally, knowingly,
> or recklessly acted or failed to act to appropriately address the
> risk that the condition posed; (3) the defendant knew or should
> have known (a) that the detainee had that condition and (b) that
> the defendant's action or inaction posed an unjustifiably high risk
> of harm; and (4) as a result, the detainee was harmed.

*Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023), *cert. denied*, 144 S. Ct. 2631 (2024). Under

this test, a detainee can succeed without showing that the defendant had actual knowledge of

his serious medical decision and consciously disregarded the risk to his health, so long as he

shows that the defendant "should have known of that condition and that risk" and that the

defendant's action or inaction was "objectively unreasonable" in light of that risk. *Id.*

Defendants argue that Plaintiff has failed to satisfy any of these elements. Because the

court agrees that Plaintiff's allegations do not reveal a serious medical condition, the court will

grant Defendants' motion and dismiss Plaintiff's claims.

For purposes of Plaintiff's claims, "[a] medical condition is objectively serious when it

either is 'diagnosed by a physician as mandating treatment' or is 'so obvious that even a lay

person would easily recognize the necessity for a doctor's attention.'" *Mays v. Sprinkle*, 992

F.3d 295, 300 (4th Cir. 2021) (quoting *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016)).

Here, because Plaintiff has not alleged that any physician diagnosed his conditions as ones

requiring treatment, the need for medical attention "must have been so obvious that a

layperson would easily recognize it." *Id.* at 303 (citing *Scinto*, 841 F.3d at 225).

In his complaint, Plaintiff describes two medical conditions that Defendants allegedly failed to treat: canker sores and "allergies" manifesting in a rash. (Compl. 2–3; *see also* Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss at 1 (describing Plaintiff's ailments).) No court in this circuit has considered whether canker sores are a sufficiently serious medical condition to support a deliberate-indifference claim. But courts in other circuits have found that canker sores are not sufficiently serious to support a constitutional claim for their nontreatment. *See, e.g.*, *Williams v. Thompson*, No. 19-2035-SAC, 2019 WL 1585038, at *1, *4 (D. Kan. Apr. 12, 2019) (finding plaintiff's allegations that he suffered from "canker sores, a reoccurring rash and seizures" which were "discomforting especially over long periods of not being treated" were insufficient to show he suffered "serious afflictions necessitating a doctor's attention"); *Dvorak v. Douglas Cnty. Sheriff*, No. 07-C-219, 2008 WL 2512869, at *7 (E.D. Wis. June 20, 2008) ("A tiny canker sore is not an objectively serious medical condition . . .."); *see also Clark v. Kalteski*, No. 5:22-CV-81-JDW, 2022 WL 377402, at *5 (E.D. Pa. Feb. 8, 2022) (finding dismissing deliberate indifference claim based on canker-sore allegations because plaintiff "fail[ed] to explain how a canker sore constituted a serious medical need"). The court finds these decisions persuasive and adopts the view that ordinary canker sores are not an objectively serious medical condition for purposes of a pretrial detainee's deliberate indifference claim.

Similarly, courts have found that a rash does not constitute an objectively serious medical need. *See Hunt v. Carver*, No. CV 1:19-00356, 2020 WL 9348170, at *16 (S.D.W. Va. Nov. 25, 2020), *report and recommendation adopted*, No. CV 1:19-00356, 2021 WL 1202074 (S.D.W. Va. Mar. 30, 2021) (collecting cases holding that rashes and skin conditions were not sufficiently serious medical needs); *see also, e.g.*, *Jones v. Gujral*, No. 3:16CV19, 2018 WL

3451460, at \*12 (E.D. Va. July 17, 2018) ("[B]ald complaints of dry skin and skin rashes fail to state a sufficiently serious medical need."); *Witherspoon v. Africa,* No. CIV.A. JFM-10-1832, 2010 WL 4183508, at \*2 (D. Md. Oct. 25, 2010) (finding plaintiff's "complain[t]s of dry skin and rashes and an unspecific 'back bone' problem . . . do not comprise serious medical problems"); *Francis v. W. Corr. Inst.*, No. GJH-16-2898, 2017 WL 3500401, at \*3 (D. Md. Aug. 14, 2017) (holding plaintiff's allegations "that he experiences arthritis, eczema, and allergies . . . . , without further detail, do not rise to the level of sufficiently serious medical needs that require immediate medical attention"); *Gonzalez-Reyna v. Ellis*, No. 1:09CV522 (AJT/TCB), 2009 WL 2421482, at \*3 (E.D. Va. July 27, 2009) ("[I]t is doubtful that a skin rash, even one which causes pain and itching, is a sufficiently serious medical need to support an Eighth Amendment violation.").

Here, Plaintiff's complaint offers no allegations showing that his canker sores and rash, though no doubt uncomfortable, constitute sufficiently serious medical conditions to trigger possible § 1983 liability. For this reason, Plaintiff's claims for deliberate indifference to his medical needs must fail.

## IV.

Plaintiff's allegations do not satisfy essential elements of his constitutional claims. Therefore, the court will **GRANT** Defendants' motion (ECF No. 17) and **DISMISS** this action.

- 8 -

The Clerk is **DIRECTED** to send copies of this memorandum opinion and the
accompanying order to the parties.

    **ENTERED** this 27th day of March, 2025.


               /s/ *Thomas T. Cullen*
               HON. THOMAS T. CULLEN
               UNITED STATES DISTRICT JUDGE